**FILED**
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

April 21, 2015

DEBRA SPISAK, CLERK

# ABERNATHY ROEDER & BOYD HULLETT · P.C.

1700 Redbud Boulevard, Suite 300 • P.O. Box 1210 • McKinney, Texas 75070-1210
Metro 214.544.4000 • Fax 214.544.4040

**ATTORNEYS AT LAW**

RICHARD M. ABERNATHY
Board Certified - Civil Trial Law
Texas Board of Legal Specialization
Qualified Mediator

rabernathy@abernathy-law.com
Direct Dial 214.544.4002

April 16, 2015

Ms. Debra Spisak, Clerk                                     **Via E-Filing**
2nd District Court of Appeals
Tim Curry Criminal Justice Center
401 West Belknap, Suite 9000
Fort Worth, Texas 76196-0211

Re:    No. 02-14-00335-CV; *FLCT, Ltd., et al. v. City of Frisco*

Dear Ms. Spisak:

The evidence submitted by Appellants in response to Justice Sudderth's request does not show an amendment to the project. Instead, the evidence cited in Mr. Anderson's letter shows it has been a continuous project. The only amendment was a site plan amendment to clarify that the Appellants had sold approximately one (1) acre to Frisco Independent School District.

While Appellants continue to insist there are fact issues in this case, such as whether the original 2008 site plan application was amended by a subsequent plat application, none are material to the jurisdictional grounds for the Appellee's plea to the jurisdiction: (1) Chapter 245 is preempted by the TABC; (2) the scope of Chapter 245 ends with development and construction of the project and (3) the Appellee could not exert jurisdiction over the alcohol permit and therefore the certification of the TABC Pre-Application form was not a permit subject to Chapter 245.

Also, paragraph 9 of Mr. Kochalka's Affidavit, supports the Appellee's contention that the sale of products is irrelevant to the site plan process and thus beyond the scope of this land use project. The last sentence of paragraph 9 of the Affidavit of David Kochalka, P.E. states "It has been my experience that the

products sold are not relevant to the site plan process." Appellee has never denied that Chapter 245 would apply to the site planning process and in fact has approved every application submitted; it is only Appellants' insistence on selling alcohol that has prevented the construction of the convenience store "project".

The second point in Appellants' letter brief addresses the length of time a project lasts. While a large-scale project, such as a multi-lot subdivision can claim the benefits of Chapter 245 for many years, the statute contemplates that a project must be "completed." A project is completed when development and construction is completed. In this case, the use of a single lot is at issue. In *Anderton*, the argument by the property owner was that a building permit for a sales office in 1985 grandfathered the future expansion of a landscaping business for all time. The Court of Appeals properly rejected this contention, holding that the operation of a business was not part of a project. Here, the sale of a particular product once a convenience store is established is not part of the project in the first instance.

There has been a continuous project, but one that does not include the sale of alcohol beverages (or any other commodity). The fact that it is a continuous approval process means the project is the same one contemplated in 2008.

Thank you for your attention to this matter.

Very truly yours,

*/s/Richard M. Abernathy*

Richard M. Abernathy

RMA/bac
cc:    Client
       Counsel of Record (via e-filing)
669057